# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ROBERT COLLINS**                                                          **PLAINTIFF**

**v.**          **CIVIL ACTION NO.:** 3:22-cv140-HTW-LGI

**HITACHI ENERGY USA INC.**                                 **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Robert Collins, by and through his counsel, Watson & Norris, PLLC, brings this action against Hitachi Energy USA Inc., to recover damages for violations of his rights under the Family Medical Leave Act of 1993, as amended. As more specifically set forth below, Plaintiff has been subjected to FMLA interference and retaliation in the terms and conditions of his employment with the Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff, Robert Collins, is an adult male resident of Lincoln County, Mississippi. Plaintiff is an eligible employee as currently defined by the FMLA.

2. Defendant, Hitachi Energy USA Inc., is a Delaware Corporation licensed to do business in the State of Mississippi that may be served with process by serving its registered agent: C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Defendant is a covered employer as currently defined by the FMLA.

## JURISDICTION AND VENUE

3. This action arises under the Family and Medical Leave Act of 1993, as amended.

4. This Court has federal question jurisdiction for actions that arise under the

FMLA.

5.  This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF FACTS

6.  Plaintiff is a 53-year-old male resident of Lincoln County, Mississippi.

7.  Plaintiff was hired on June 18, 2007, as a Painter at Hitachi Energy USA Inc.

8.  There were at least 50 employees working within a 75-mile radius of where Mr. Collins worked.

9.  Plaintiff worked over 1,250 hours during the year prior to his termination.

10. Beginning around mid-August 2021, Plaintiff expressed interest to his employer in applying for FMLA leave due to his serious health condition - episodic hypertension.

11. On September 3, 2021, Defendant terminated Plaintiff.

12. The stated reason for the termination at that time was a violation of attendance.

13. Within a couple weeks, with the assistance of his Union's Chief Steward Kevin Brown, Plaintiff grieved his termination and was reinstated in October 2021.

14. On November 15, 2021, at King's Daughter Medical Clinic in Brookhaven, Internist Dr. Blaine Britt faxed FMLA documentation for Plaintiff to Lincoln Financial, which handles FMLA claims for Hitachi.

15. After Lincoln Financial received the completed FMLA documentation, Plaintiff was never informed by Hitachi whether his request for FMLA leave was approved or not.

16. On December 3, 2021, Human Resources Representative Brad Scheid alleged that Plaintiff was terminated again for alleged "unexcused absences."

17. Plaintiff contends, however, that his absences were not "unexcused" but rather due to his episodic hypertension, which is why he applied for FMLA leave.

18. Plaintiff contends that he was absent on September 9, October 12, November 5, 11, and 24, all in 2021, and went to see Dr. Britt each time due to episodic hypertension.

19. Plaintiff contends that on each of those days he called to inform Defendant that he needed to take FMLA leave due to an episode of hypertension.

20. Plaintiff further notes additionally there were a few other dates that he called in requesting FMLA leave because of episodic hypertension, when he did not seek a medical appointment but merely took additional medication to address the condition.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE FMLA - INTERFERENCE

21. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 20.

22. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

23. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

24. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA.  As a result of this conduct, liquidated damages should be assessed against Defendant.

25. Plaintiff also seeks all other relief, at law or in equity, to which he may show himself justly entitled.

## COUNT II: VIOLATION OF THE FMLA - RETALIATION

26. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 25.

27. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

28. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

29. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff. As a result of this conduct, liquidated damages should be assessed against Defendant.

30. Plaintiff also seeks all other relief, at law or in equity, to which he may show himself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Liquidated damages;
5. A tax gross-up and all make whole relief;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA; and
7. Such further relief as is deemed just and proper.

THIS the 14th day of March 2022.

          Respectfully submitted,

          ROBERT COLLINS, PLAINTIFF

      By: /s Louis H. Watson, Jr.
          LOUIS H. WATSON, JR. (MB# 9053)
          NICK NORRIS (MB# 101574)
          Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Jackson, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com